**Greg KRAHN, Petitioner,**

v.

**U.S. DEPARTMENT OF LABOR, Respondent,**

**United Parcel Service, Inc., Real Party in Interest.**

**No. 06–73425.**

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2008.*

Filed April 28, 2008.

Paul O. Taylor, Esq., Truckers Justice Center, Burnsville, MN, for Petitioner.

Howard Radzely, Esq., U.S. Department of Labor, Washington, DC, for Respondent.

Jason Schwartz, Esq., Gibson Dunn & Crutcher, LLP, Ronald J. Gottlieb, LABR–U.S. Department of Labor, Office of the Solicitor, Washington, DC, for Real Party in Interest.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Greg Krahn petitions for review of an order of the Department of Labor, Administrative Review Board ("ARB") denying his complaint against United Parcel Service of America, Inc. ("UPS"). Krahn alleges that UPS fired him in violation of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105, for refusing to violate the speed limit and drive in an unsafe truck. The ARB concluded that Krahn did not engage in an activity protected under the STAA because UPS did not require him to drive at illegal speeds and there was no evidence Krahn's truck was unsafe. We have jurisdiction to re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view the decision pursuant to 49 U.S.C. § 31105(d).

Substantial evidence supported the ARB's finding that UPS did not require Krahn to violate speeding laws. *See* 49 U.S.C. § 31105(a)(1)(B)(i) (providing that an employer may not terminate an employee for refusing to violate traffic laws); *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1121 (9th Cir.2004) (ruling that the court must uphold the ARB's factual findings if they are supported by substantial evidence). The evidence showed that UPS did not require Krahn to drive above the posted speed limit; rather, Krahn's manager identified specific stretches of the route between Phoenix and Winslow on which Krahn was driving well below the posted speed limit, and UPS's expert was able to safely complete the route within UPS's target time without driving above the posted speed limit. The expert and Krahn's supervisors all testified that the route could be driven safely at the speeds recommended by UPS.

Substantial evidence also supported the ARB's finding that UPS did not require Krahn to drive an unsafe truck. *See* 49 U.S.C. § 31105(a)(1)(B)(ii) (providing that an employer may not terminate an employee who refuses to drive his truck because he has "a reasonable apprehension" that driving the truck is unsafe). Although Krahn claimed that he was prevented from checking his brakes as often as he preferred, he presented no evidence that the brakes required more frequent maintenance or monitoring.

The petition for review is **DENIED.**